UNITED STATES of America,

v.

**Dempsey WASHINGTON, Defendant.**

No. 00–17–01.

United States District Court,
E.D. Pennsylvania.

Nov. 17, 2000.

---

Christopher R. Hall, U.S. Attorney's Office, Philadelphia, PA, for Plaintiff.

Arthur J. Kyriazis, Kyriazis & Associates, Lansdowne, PA, for Defendant.

## MEMORANDUM & ORDER

KATZ, Senior District Judge.

Section 5K2.0 of the Sentencing Guidelines permits the imposition of a sentence outside the applicable guideline range if the court finds that aggravating or mitigating circumstances exist of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission. U.S.S.G. § 5K2.0 (2000). A downward departure based on a defendant's diminished capacity is explicitly permitted, but only in certain circumstances. U.S.S.G. § 5K2.13. Even assuming *arguendo* that the defendant, Mr. Washington, who has a long history of mental illness,[1] suffered diminished capacity at the time that he committed the offense, the court cannot grant a departure for two separate and alternative reasons as set forth in Section 5K2.13. First, the "defendant's criminal history indicates a need to incarcerate the defendant to protect the public." *Id.* Second, the "facts and circumstances of the defendant's offense indicate a need to protect the public because the offense involved actual violence or a serious threat of violence." *Id.*

██ According to the Presentence Investigation Report dated August 23, 2000 ("PSI"), the defendant's criminal history includes a plea to third-degree murder and robbery (defendant's companion shot a doorman and the pair fled with cash); a plea to robbery; a bench conviction of aggravated assault (defendant held a pistol to his victim's throat); and a plea to three counts each of bank robbery and armed bank robbery. *See* PSI ¶¶ 28–37. All of these crimes involve a significant element of harm or danger. The defendant's most recent past crimes, the three bank robberies committed on separate occasions in 1992, all involved the use of an object concealed or disguised so as to resemble a dangerous weapon as well as verbal and physical threats to bank customers, tellers, and/or security guards. *See* PSI ¶ 33. In addition, the armed bank robbery for which the defendant is being sentenced was committed only four months after his release from custody on the prior bank robberies. *See* PSI ¶ 33. The defendant's long history of dangerous conduct thus indicates that incarceration is required to protect the public. *See generally United States v. Moore–Bey*, 981 F.Supp. 688, 689–90 (D.D.C.1997) (denying departure based on long criminal history, which included numerous bank robberies); *United States v. Bradshaw*, No. 96 CR 485–1,1999 WL 1129601, at *3–4 (N.D.Ill.Dec. 3, 1999) (denying departure in bank robbery case where 13 prior convictions included two armed robberies, robbery with threat of force, and aggravated battery).

██ The Guidelines also do not permit a departure where the "facts and circumstances" of the instant offense "indicate a need to protect the public because the offense involved actual violence or a serious threat of violence." U.S.S.G. § 5K2.13. The Third Circuit, sitting *en banc*, was deeply divided over whether a bank robbery involving the use of a hoax weapon was eligible for a departure under the prior version of Section 5K2.13, which

---

[1]. This history includes a suicide attempt in 1992 and two further attempts just prior to and just after the instant offense (both resulting in hospitalization), as well as auditory and visual hallucinations described by an examining psychiatrist as "commensurate with a diagnosis of major depressive illness." Letter from William R. O'Brien, M.D. to Arthur J. Kyriazis (June 14, 2000) (filed by Order of July 13, 2000). The psychiatrist also noted that while in custody for a prior offense Mr. Washington was diagnosed with schizophrenia, and that 1999 hospital records indicate a diagnosis of character disorder. *Id.*

permitted a departure only if the offense was "nonviolent." *United States v. Askari,* 140 F.3d 536 (3d Cir.1998), *vacated,*159 F.3d 774 (3d Cir.1998). After the Guideline was revised to its present form, the Third Circuit, again sitting *en banc,* vacated its earlier opinion but did not fully revisit the issue; instead, it stated that whether such an offense qualified for a departure under the new Guideline was an issue that "most likely still divides the court" and that "the better course, particularly in light of the sharp disagreements we have had over the meaning of a number of still relevant terms, is to remand to the district court" for resentencing under the revised Guideline. *Askari,* 159 F.3d at 780.

In this case, the court finds that a departure cannot be granted due to the nature of the offense conduct. Mr. Washington put a label-making gun covered with dark material to a bank employee's head, threatened to "take you all out," then held the employee's shirt collar while directing her to the teller area with the fake gun pressed to her neck. PSI ¶¶ 8–12. The conduct in this case thus involves explicit physical and verbal threats to do harm.[2] It is clear that the defendant's words and actions created a serious threat of violence, indicating the need to incarcerate him to protect the public. *See generally Moore–Bey,* 981 F.Supp. at 689 (denying departure since a threat to blow up the bank being robbed was not "nonviolent"); *cf. Bradshaw,* 1999 WL 1129601, at *3 (finding no serious threat of violence where defendant did not indicate that he had a weapon and did not verbally or physically threaten to harm anyone).

An appropriate Order follows.

### ORDER

**AND NOW**, this 16th day of November, 2000, it is hereby **ORDERED** that the

---

2. The threatening conduct is more serious in this case than in *Askari.* In *Askari,* the bank robber approached a teller with his hand positioned under his shirt so as to simulate a

Motion for Downward Departure is **DENIED.**

gun and told her she had "three seconds to give me the money," but did not "use force" or "make specific verbal threats of harm." *Id.* at 775.